# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**STEPHANIE GONZALES, et al,**
    Plaintiffs,

v.                                                       Civ. No. 05-0941 BB/LFG

**THE GOODYEAR TIRE AND RUBBER CO.**
**et al**,
    Defendants.

**And**

**ALICE MARIE HOLGUIN, et al.,**
    Plaintiff Intervenors,

v.

**THE GOODYEAR TIRE AND RUBBER CO.**
**et al**,
    Defendants.

### MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 19). The Court, having thoroughly considered the briefs of counsel and being otherwise advised, finds that the motion is not well taken, and should be DENIED. In light of the disposition of this motion, Defendant's Motion for Relief from Order Dismissing Action (Doc. 39) in the case of <u>Holguin v. Goodyear Tire Co. et al</u>, No. CIV 04-0814 BB/WDS, is denied as moot.

**Introduction**

This case arises out of a tragic accident in which a husband was driving, with his wife as passenger, when their vehicle rolled.  Both the husband and wife were fatally injured in the crash.  The estates of both the husband and wife have asserted claims against various defendants, and the wife's estate ("Plaintiff") has also asserted claims against the husband's estate and Foundation Reserve Insurance Co., the husband's insurer ("insurer").

This case comes back before this Court following an Order dismissing the predecessor suit, Holguin, et al v. Goodyear et al, CIV 04-814 BB/WDS, without prejudice on April 15, 2005.  In the present action the Plaintiff refiled the action in state court, and the Defendants removed it to this Court.  Plaintiff has now moved to remand because new defendants, not joined in the Holguin litigation, arguably defeat federal diversity jurisdiction in the case.  Defendant Goodyear argues that the new defendants are fraudulently joined.  Plaintiff also argues that the Defendants' removal to federal court was improper, even though counsel for Defendant Goodyear represented that all defendants joined in the notice of removal, because Defendant Drivetime did not sign the notice of removal or otherwise file an independent document to indicate its consent.  Defendants contend that Defendant Drivetime's expression of consent was sufficient to satisfy the rules of procedure.

**<u>Fraudulent Joinder</u>[1]**

Federal courts have original jurisdiction over actions based on diversity of citizenship where the amount in controversy exceeds $75,000. <u>See</u> U.S. CONST. art. III; 28 U.S.C. §1332. Defendant Goodyear has alleged that the diversity-destroying defendants in this case were joined for the purpose of defeating federal jurisdiction. It is settled law in the Tenth Circuit that "[t]he joinder of a resident Defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." <u>Smoot v. Chicago, Rock Island and Pacific Railroad Co.</u>, 378 F.2d 879, 882 (10th Cir. 1967). Defendant Goodyear, as the party claiming that diversity-destroying Defendants were fraudulently joined, bears the burden to show that there is no possibility that Plaintiff would be able to state a cause of action against each new Defendant. <u>See</u> <u>Montano v. Allstate Indemnity</u>, 211 F.2d 1278 (table opinion), 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished).

"Since Congress has, by statute, granted the right to defendants in certain state court actions to remove the action to federal court, 28 U.S. C. §1441(a), the federal courts have the power and the duty in protecting their jurisdiction, to inquire

---

[1] Fraudulent Joinder is a term of art, and does not reflect on the integrity of the plaintiff or plaintiff's counsel. <u>AIDS Counseling and Testing Centers v. Group W Television, Inc.</u>, 903 F.2d 1000, 1003 (4th Cir. 1990).

-3-

into and to ignore joinder of parties defendant against whom no real cause of action is alleged and who are joined in order to defeat federal jurisdiction." Vargas v. State Farm Fire And Casualty Co. et al, No. CIV 03-0560 (D.N.M.) (quoting Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 596 (D.C. La. 1983)). Therefore, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Smoot, 378 F.2d at 882 (citations omitted).

### State Law of Liability

Defendant Goodyear's argument is as follows: (1) the decedent husband's estate and his insurer, the allegedly non-diverse defendants named in this suit, were named solely to destroy diversity jurisdiction; and (2) Plaintiff has no valid cause of action against either of these defendants, because Plaintiff is only entitled to recover to the limits of the insurance policy, and the insurer has offered to pay that amount to Plaintiff. This Court must look to New Mexico state law to determine the validity of claims asserted against the defendant husband's estate and his insurer, the allegedly non-diverse parties which Defendant Goodyear claims were fraudulently joined.

Extent of Liability

Defendant Goodyear argues that, under New Mexico law, Plaintiff cannot recover more from the decedent husband's estate than the policy limits of the husband's automobile liability policy. In making this argument, Defendant Goodyear relies on §45-3-803 of the New Mexico Statutes.  Section 803(A) bars any claim against a decedent that is not filed before "one year after the decedent's death" or "four months after it arises." §45-3-803(A), (C).  Thus, any claims filed one year after August, 2002, when the decedent husband's death gave rise to the claims, would necessarily be barred by the statute of limitations.  Plaintiff argues that this section does not apply[2] because the section "contemplate[s] that the limitations are triggered by the filing of an action to probate the estate along with the appointment of a personal representative of the estate." Pltf. Mem. Supp. Mot. to Remand at 8. Plaintiff, who has the burden to establish a timely claim,[3] does not cite to any authority in making this assertion, whereas Defendant Goodyear points to the comment of the identical section in the Uniform Probate Code ("U.P.C.") upon which the New Mexico statute was patterned, N.M.Stat. §45-3-803 cmt., which

---

[2]Plaintiff contends that the general statute of limitations for wrongful death, NMSA §41-2-2, applies instead.

[3]Corlett v. Smith, 740 P.2d 1191, 1193-4 (N.M. App. 1987).

explains that the "one-year from death limitation . . . applies *without regard to whether or when an estate is opened for administration . . .*" See U.P.C. §3-803 cmt. at 216 (1989) (emphasis added).  Other jurisdictions which have adopted this provision of the U.P.C. have also found the date of death, rather than of the opening probate, is what triggered the limitation period.  See, e.g., In re Estate of Ongaro, 998 P.2d 1097, 1105 (Colo. 2000); cf. In re Estate of Henry, 426 N.W.2d 451, 455-6 (Minn. App. 1988) (Minnesota legislature expressly modified U.P.C. provision to exempt tort claims from one year bar).  New Mexico courts have long held that the failure to file a claim against the estate within the statutory period bars the claim.  Corlett v. Smith, 740 P.2d at 1194; Matter of Estate of Oney, 624 P.2d 1037, 1039 (N.M. App. 1981); Janes v. Brunswick, 42 P. 72 (N.M. 1895), *modified*, 45 P. 878 (1896)).  Thus, the Court finds that §803 applies, notwithstanding the fact that the decedent husband's estate was not opened for administration in the year following death.

Effect of Settlement Offer

Plaintiff argues that, even if §803 applies, Corlett v. Smith, 763 P.2d 1172, 1175 (N.M. App. 1988), interprets §803(D) to limit liability to the limits of the insurance policy, rather than to bar the action itself.  See Pltf. Mem. Supp. Mot. to Remand at 8.  Under that provision, a plaintiff may pursue against a decedent's

estate "to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance." See §803(D)(2).   Plaintiff then contends that their claim "against the [decedent husband's] Estate remains viable up to the limit of the insurance policy regardless of whether it was presented within the limitation period set out in the Probate Code, Section 45-3-803." Id.  This Court agrees that under Corlett and §803(D)(2), a claim up to the limits of the policy is not time-barred. The Corlett court, however, was not faced with a situation where the insurance company had already tendered Plaintiff the full amount of the policy limits.  It is undisputed here that the insurer has offered to pay the policy limits to Plaintiff.  See Pltf. Exh. H (Letter from Bill McMordie, Claims Adjuster to Phillip Gaddy, Esq., October 2, 2002, offering to settle for policy limits).  Thus, Corlett does not address the issue before this Court, i.e. whether such a claim for policy limits remains viable even after the insurance company has offered the full amount of the policy limits to Plaintiff.

   Defendant Goodyear argues, and this Court agrees, that there is no actual controversy between Plaintiff and the decedent husband's estate and the decedent husband's insurance company because the insurance company has offered the maximum amount of recovery under the policy.  Bruce v. Finuf, 266 P.2d 670, 671

(N.M. 1954) (parties are "not entitled to damages for the non-return of something they refused to receive . . .").

Indeed, federal courts have frequently recognized that a defendant's offer of full relief renders a plaintiff's claim moot.[4]  In Giant Industries Arizona, Inc. v. Taxation and Revenue Dep't, 796 P.2d 1138 (N.M. Ct. App. 1990), the New Mexico Court of Appeals considered a case where both the plaintiff and the defendant "argue[d] for the same result" on the issue of whether the Taxation and Revenue Department had the authority to declare a statute unconstitutional.  Giant Industries, 796 P.2d at 1143.  The court held that "[w]here both parties affirmatively

---

[4]See Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983) ("In substance, what defendant did by its offer was no different . . . than if it had submitted to a default judgment on the individual claims."); Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986) ("Since . . . defendants had offered [Plaintiff] the full amount of damages . . . to which she claimed individually to be entitled, there was no longer any case or controversy.") (citing Abrams, 719 F.2d at 32; Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (citing Zimmerman, 800 F.2d at 390  and Abrams, 719 F.2d 23); Wilner v. OSI Collection Services, Inc., 198 F.R.D. 393, 394-95 (S.D.N.Y. 2001) ("When defendant offers all that [a plaintiff] can hope to recover through [the] litigation, there is no justification for taking the time of the court and the defendant in the pursuit of a minuscule individual claim which defendant has satisfied") (quotations, brackets, and ellipses omitted); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) ("Having offered all that [Plaintiff] could hope to recover through this litigation, there is no justification for taking the time of the court and the defendant in the pursuit of a minuscule individual claim which defendant has satisfied.") (citing Abrams, 719 F.2d at 32 (2d Cir.1983) and Rand, 926 F.2d at 598)  (quotations, brackets, and ellipses omitted); Samsung Electronics Corp. v. Rambus, Inc., 2005 WL 2993867 at * 13 (E.D. Va. 2005) ("Where . . . the defendant has made an offer of judgment for the full amount of relief requested by the plaintiff, *or for the maximum statutory amount which the plaintiff could recover*, no case or controversy remains with respect to the underlying claim.") (emphasis added).

desire the same result, no justiciable issue is presented." Id. (citing 13 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE §3530, at 317 (2d ed. 1984)). Thus, because there were no "adversary interests," the court declined to address that issue. Id. The situation in Giant Industries is analogous to the situation in the instant case, inasmuch as the wife's estate and the husband's estate and insurer seek the same result. Plaintiff seeks to obtain a judgment based on the decedent husband's liability (having filed a court action seeking such damages) and the insurance company seeks to satisfy that claim (having offered the full extent of the decedent husband's liability under §803 of the probate code).

Under New Mexico law, the state "district courts have power to decide only actual controversies." Christian Placement Service, New Mexico Christian Children's Home v. Gordon, 697 P.2d 148, 152 (N.M. Ct. App. 1985); see Mowrer v. Rusk, 618 P.2d 886, 889 (N.M. 1980) ("One of the underlying precepts of the doctrine of mootness is a limitation upon jurisdiction or decrees in cases where no actual controversy exists. As a general rule, an action will be dismissed if the issues therein are or have become moot."); KOB-TV, L.L.C. v. City of Albuquerque, 111 P.3d 708, 720 (N.M. Ct. App. 2005). No actual controversy exists between Plaintiff and the husband's estate and the insurer.

The wife's estate next argues that an independent defense of the deceased husband's actions by the husband's insurer is of greater strategic value than the offer for policy limits. Pltf. Reply at 3. In making this argument, the wife's estate emphasizes that insurers owe a duty to defend an insured, as well as a duty to indemnify. Id.[5] However, this argument is not persuasive. It is far from clear that the wife's estate has standing to complain about the decedent husband's estate's right to an independent defense. Fleet Mortg. Corp. v. Schuster, 811 P.2d 81, 82 (N.M. 1991) ("It is a general rule of law that one who is not a party to a contract cannot maintain suit upon it."). Indeed, the wife's estate is basically asserting an interest in having an independent defense *against* a claim *the wife's estate is asserting.* This claimed interest, which is properly an interest of the husband's estate, is therefore insufficient to sustain the argument of the wife's estate.

**Consent to Removal**

Plaintiff also argues that the removal to this Court is procedurally defective because Defendant Drivetime did not physically sign the Notice of Removal or otherwise file "an independently and unambiguously filed consent to removal." Pltf.

---

[5]Plaintiff overlooks New Mexico Supreme Court case law indicating that insurers have "a duty to pursue the case or settle in good faith." American General Fire and Casualty Co. v. Progressive Casualty Co., 799 P.2d 1113, 1116 (N.M. 1990). Because Plaintiff cannot claim that the insurer failed to settle in good faith, this Court is not convinced by its argument that the insurer is under a continuing duty to pursue the case even after they have offered policy limits.

-10-

Mem. Supp. Mot. to Remand at 15.  Defendant Drivetime submitted an Opposition to Motion to Remand in which it states, "Counsel for Drivetime submitted an affidavit to the Goodyear Tier and Rubber Company's counsel indicating that consent for removal was granted prior to the Notice of Removal."  Def. Opp. at 1. On the same day Defendant Goodyear filed its Notice of Removal, Drivetime also refiled the identical Answer in federal court that it had previously filed in state court. Defendants argue that Defendant Goodyear's authorized representation of Defendant Drivetime's consent, taken with the fact that Defendant Drivetime immediately refiled its Answer in federal court without dissenting, sufficiently establish Drivetime's consent to removal.

While it is true that all defendants must consent to removal,[6] courts are split on the issue of how such consent must be expressed.  Plaintiff cites law from jurisdictions which require separate signatures or other independent written notices of consent filed with the court.  Roe v. Donohue, 38 F.3d 298, 301 (7th. Cir. 1994); Jarvis v. FHP of Utah, Inc., 874 F. Supp.1253, 1254 (D. Utah 1995); Wakefield v. Olcott, 983 F. Supp. 1018, 1021 (D. Kan. 1997); Henderson v. Homes, 920 F. Supp. 1184, 1186-87 (D. Kan. 1996); Landman v. Borough of Bristol, 896 F. Supp.

---

[6]Farmland Nat'l Beef Packing Co. v. Stone Container Corp., 98 Fed. Appx. 752, 756 (10th Cir. 2004) (unpublished) (citing Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). See also Wisconsin Dep't of Corr. v. Shacht, 524 U.S. 381, 393 (1998)(Kennedy, J., concurring).

406, 408-09 (E.D. Pa. 1995); Smith v. Health Ctr. of Lake City, 252 F. Supp.2d 1336, 1339 (M.D. Fla. 2003); Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995). Defendants, on the other hand, rely primarily on the reasoning of the Sixth Circuit Court of Appeals in Harper v. AutoAlliance International, Inc., 392 F. 3d 195 (6th Cir. 2004), which held that neither 28 U.S.C. §1446 nor Rule 11 requires counsel for each defendant to file a separate, independent document indicating its consent. Id. at 202. Thus, the Sixth Circuit permitted counsel for co-defendants to make a representation in the Notice of Removal that all other defendants had consented to the removal, without requiring every defendant to sign the notice of removal or otherwise file a separate, independent document indicating consent. See id.; Notice of Removal, at para. 25. See also Anaya v. Ramirez, No. CIV 04-693 JEC/WDS (D.N.M. January 20, 2005) (ruling that one defendant in a multi-defendant case could represent to the Court that the co-defendants had concurred via email).

Based on the present record, this Court agrees with the logic of the Sixth Circuit and holds that 28 U.S.C. §1446 does not require signatures from each individual defendant or some other written expression of consent, as long as each

defendant did in fact join in the removal notice.[7]  In this case, it is undisputed that counsel for Defendant Drivetime consented to removal prior to Goodyear's filing of the notice of removal.  See Dfdt. Exh. B (Affidavit of Martin R. Esquivel, Esq., Counsel for Defendant Drivetime); Dfdt. Drivetime Mem. Opp. Motion to Remand.  Thus, this Court holds that Defendant Drivetime's expression of consent was sufficient to support the removal.

Defendant Drivetime's Answer also conceded that jurisdiction and venue was proper in this Court.  See Answer of Defendant Drivetime.  Even if the representation of Defendant Goodyear's counsel was inadequate, then, Drivetime's subsequent opposition to remand "cured any purported defect in the removal petition." Harper, 392 F. 3d at 202.  Remanding this case for lack of unanimous consent on these facts "would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." See Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301-02 (10th Cir. 1968) (affirming district court's order permitting amendment of removal notice to cure insufficient jurisdictional allegations).  However, because the circuits are split

---

[7] It is, however, better practice for counsel for each defendant to sign the removal notice or file the affidavit of counsel within thirty days to avoid the type problems encountered here.

and the Tenth Circuit has not spoken directly on the issue, this Court would entertain a motion for interlocutory appeal under 28 U.S.C. §1292(b).

**Conclusion**

Having found that Plaintiff has fraudulently stated a claim against the Husband's estate and its insurer, this Court must disregard the citizenship of both parties against whom sham claims were asserted. <u>Vargas v. State Farm Fire And Casualty Co. et al</u>, No. CIV 03-0560 (D.N.M.).[8]  Because complete diversity of citizenship remains after the citizenship of the fraudulently joined parties are disregarded, this Court must deny Plaintiff's motion to remand.

**Order**

NOW, THEREFORE, IT IS ORDERED THAT Plaintiff's motion to remand is DENIED.

DATED at Albuquerque this 25th day of January, 2006.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

---

[8]This Court, therefore, need not decide the citizenship of these parties.  It is also unnecessary to consider Defendant Goodyear's alternative argument that the alleged diversity-destroying parties should be realigned as parties plaintiff.